FILED
 2010 May-19  AM 09:59
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWANA GRIER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 10-AR-0356-S |
| | } | |
| CHILDREN'S HOSPITAL OF | } | |
| ALABAMA, INC., | } | |
| | } | |
| Defendant. | | |

**MEMORANDUM OPINION**

Plaintiff, Lawana Grier ("Grier"), sues defendant, Children's Hospital of Alabama, Inc. ("Children's"), alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.* (2006), including harassment, retaliation, and termination. Before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6) F.R. Civ. P.  Oral argument on defendant's motion was heard on May 18, 2010.  For the reasons stated on that date in open court, as further explained in this opinion, defendant's motion will be granted, and Grier's complaint will be dismissed with prejudice.

**FACTS AND PROCEDURAL HISTORY**[1]

On February 2, 2010, Grier filed an application for appointment

---

[1] For purposes of a Rule 12(b)(6) motion, the court takes as true the facts alleged in the complaint and draws all reasonable inferences in plaintiffs' favor. *See Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The complaint's allegations must plausibly suggest a right to relief, raising that right "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

of an attorney and for authority to commence her action without prepayment of fees, costs, or security. On February 23, 2010, this court granted Grier's motion to proceed *in forma pauperis*, denied her motion for appointment of an attorney, and deemed her application to be a complaint properly filed.  On March 25, 2010, Children's moved for a more definite statement pursuant to Rule 12(e). On April 15, 2010, Grier filed a letter in response to defendant's motion, attempting to further explain her position. The court heard oral argument on defendant's motion on April 16, 2010. At the April 16, 2010 hearing, Children's stated that it found Grier's supplemental letter sufficient to satisfy its Rule 12(e) motion. This court agreed, and deemed Grier's letter an amended complaint. At the same hearing, this court advised Grier that she would be wise to hire an attorney. As the court would later learn, Grier was unable to find an attorney who would take her case. On April 30, 2010, Children's filed the instant motion to dismiss, and the court heard oral argument on the motion, with Grier appearing *pro se*, on May 18, 2010.

### **DISCUSSION**

Grier complains that she was unfairly terminated because of her age and/or in retaliation for complaining to the human resources department about alleged harassment in the workplace. She has failed to allege facts that plausibly support either of these claims.

In *Gross v. FBL Financial Svcs.*, ---- U.S. ----, 129 S.Ct. 2343, 2350 (2009), the Supreme Court held that in order prevail on

an ADEA claim, a plaintiff must show that age was the "but-for" cause of the complained of employment action. As explained by this court in *Culver v. Birmingham Bd. Of Educ.*, 646 F. Supp. 2d 1270, 1272 (N.D. Ala. 2009), "[p]rior to *Gross*, it was permissible to allege alternative proscribed employer motives, one of which is plaintiff's age, [but] that permission has now been withdrawn by the Supreme Court."  Not only has Grier failed to allege facts that would plausibly suggest that her age was the only cause of her termination, she has failed to allege facts that would suggest that her age was a motivating factor at all in the decision to terminate her. Grier references her age only once in her amended complaint, making a conclusory statement that she was harassed and ultimately terminated "due to age discrimination and retaliation from a previous incident involving Human Resources." (Doc. 10). This statement, with no further factual support, cannot move Grier's discrimination claim past a Rule 12(b)(6) challenge, especially as that Rule has been interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, (2007), and *Ashcroft v. Iqbal*,---- U.S. ----, 129 S.Ct. 1937 (2009). Grier's retaliation claim, supported only by the same conclusory statement that she relies on for her discrimination claim, similarly fails to survive a 12(b)(6) challenge, and will also be dismissed.

Grier complains mainly about alleged "harassment" she endured from a "clique" of other employees with whom she did not get along. As was explained to her this day in open court, the federal court

system does not provide relief for obvious "harassment" unless it is the product of a proscribed motivation. This court understands that *pro se* litigants are not always required to be in absolute compliance with the pleading standards articulated in the Federal Rules of Civil Procedure.  However, such litigants must still make a minimal factual and legal showing to get past legal thresholds, such as that provided by Rule 12(b)(6). Grier has failed to make the requisite showing. Having failed to plausibly state a claim upon which relief can be granted under the ADEA or any other federal statute, Grier's complaint will be dismissed in its entirety by separate order.

    DONE this 19th Day of May, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE